The defendant was engaged in doing work as contractor on a railroad terminal being constructed of mason work and iron girders. Its superintendent of the work was Lenahan, the foreman of the iron work was Scott, and the deceased was assistant foreman under him. They worked together, and had a gang of men under them. They were receiving heavy iron girders from trucks when the accident happened. They hoisted the girders one by one, and swung them into place by means of a large derrick with a swinging boom. It was the usual kind of derrick and rigging used for such purposes. A block and fall was suspended from the upper end of the boom. There was a large iron ball, weighing about 350 pounds, shaped something like a boy's top, with an eye at the top of it and another at the bottom. The top eye was to go on the hook of the block, and the bottom eye on the hook of the chain sling of the load, and in that way the load would be hoisted; its weight being thus on the eyes of this ball. The only reason for having this ball between the block and the load, or at all, is that, when the load is hoisted and taken off, the weight of the said ball carries the block down again for the next load. When the accident happened the ball was not being used in the way mentioned above. It was not suspended by its top eye from the hook of the fall, and the load suspended from its bottom eye by the hook of the chain sling of the load. The load was not suspended from the ball at all, but directly from the hook of the block. The ball had been removed from the hook of the block, and simply lashed by a rope to the side of the block to serve its purpose of carrying the block down after the load was hoisted and taken off. This was done because the foreman (Scott) feared that the eyes of the ball might not be strong enough to bear the unusually heavy weight of the iron girders which were being hoisted, and might give way. While a girder was being hoisted the ball fell down upon the deceased and killed him. The rope which tied or lashed it to the side of the block gave way. One witness testified the rope was "rotten"; but this was only a conclusion, and on further examination he said he did not examine the rope at all after the accident, and never saw it before. The evidence of the only other witness who testified on the subject is that the strands of the rope pulled out and parted. He testified: "It was worn. After it broke, it was all fuzzy and cut, and its strands all separated and worn away." The deceased was present when the ball was lashed to the block. There is testimony that he took physical part in the doing of it, and testimony that he did not. There was plenty of rope present for use by the men. From judgment for plaintiff, defendant appeals. Affirmed. John C. Robinson, for appellant. Thomas J. O'Neill (J. Brownson Ker, on the brief) for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

GAYNOR, J. (dissenting). The lashing of the ball to the block was a mere detail of the work of the men. The ball fell because the rope was not strong enough, i. e., not large enough, or enough of it not used to carry the weight of the ball. This was the negligence of the men and not of the employer, for there was plenty of good and suitable rope on hand for the men to use; and the foreman has to be considered as a fellow servant. Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725. That the action is brought under the employer's liability act does not change the case. That act does not make the employer liable for every negligence of a superintendent (if we consider Scott, the foreman in charge of hoisting the girders, a superintendent), but only for his negligence in acts of superintendence (Laws 1902, p. 1748, c. 600, § 1, subd. 2), as distinguished from his acts as a workman in doing the details of the work (Hope v. Scranton & Lehigh Coal Co., 120 App. Div. 595, 105 N. Y. Supp. 372). The person who does the act may be a superintendent, and yet the act may not be one of superintendence. The judgment should be reversed.

DOWDALL, Respondent, v. S U P R E M E COUNCIL, C. M. B. A., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1908.) Action by Michael Dowdall against the Supreme Council, C. M. B. A. No opinion. Judgment reversed and new trial ordered, with costs to appellant to abide event. upon the authority of Mock v Supreme Council of the Royal Arcanum, 121 App. Div. 474, 106 N. Y. Supp. 155, and Wright v. Knights of the Maccabees (recently decided by the Third Department, not yet officially reported) 106 N. Y. Supp. 1150.

DOWDELL, Respondent, v. LACKAWANNA STEEL Co., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 8, 1908.) Action by Patrick Dowdell against the Lackawanna Steel Company. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. Held, that upon the facts which were submitted to the jury the defendant was not shown to have been guilty of actionable negligence; that under the holding of the trial court the negligence, if any, which caused the accident was the negligence of a co-servant of the plaintiff, for which the defendant is not liable.

DRAKE et al. v. LA CHICOTTE et al. (Supreme Court, Appellate Division, First Department. February 14, 1908.) Action by John N. Drake and another against Walter B. La Chicotte and another. No opinion. Motion denied, with $10 costs. Order filed.

DROGOWITZ, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1908.) Action by Hyman Drogowitz against the New York City Railway Company. PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the decision is against the weight of evidence. MILLER, J., concurs on the ground that there was error in the exclusion of evidence.

DUDEN, Appellant, v. LAWRENCE PARK REALTY CO., Respondent. (Supreme Court, Appellate Division, Second Department. Jan-

uary 24, 1908.) Action by Sophie Duden against the Lawrence Park Realty Company. No opinion. Judgment affirmed, with costs.

DUDLEY et al., Appellants, v. PURVIS, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 25, 1908.) Action by Sylvanus G. Dudley and others against Alfred J. Purvis. No opinion. Judgment and order affirmed, with costs.

In re DUELL. (Supreme Court, Appellate Division, Third Department. January 15, 1908.) In the matter of the application of William C. Duell for a peremptory writ of mandamus against Martin H. Glynn, as Comptroller of the state of New York. No opinion. Motion granted, and question certified as follows: "The surrogate of Westchester county having recommended a qualified person for appointment under the provisions of section 234 of the tax law (Laws 1896, p. 877, c. 908), as amended by chapter 368, p. 841, of the Laws of 1905, as transfer tax assistant in his office, may the Comptroller appoint another qualified person, who has not been recommended by the surrogate?"

DUMONT, Respondent, v. MORSE et al., Appellants. (Supreme Court, Appellate Division, First Department. December 27, 1907.) Action by Charles R. Dumont against Charles A. Morse and another. E. C. Ripley, for appellants. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

DUNN, Respondent, v. DUNN, Appellant. (Supreme Court, Appellate Division, First Department. December 27, 1907.) Action by Marie T. Dunn, as executrix, against George M. Dunn. J. T. Smith, for appellant. J. Kearney, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

DUNN, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1908.) Action by Patrick Dunn against the New York City Railway Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce recovery of damages to the sum of $2,500, in which event the judgment, as modified, is affirmed, with costs.

HOOKER, J., dissents.

DUSENBERRY et al., Appellants, v. BOSTON & M. R. R., Respondent. (Supreme Court, Appellate Division, Third Department. January 15, 1908.) Action by Henry O. Dusenberry and another against the Boston & Maine Railroad.

PER CURIAM. Judgment affirmed, with costs.

KELLOGG, J., dissents.

In re EAST 178th ST. (Supreme Court, Appellate Division, First Department. February 21, 1908.) In the matter of the opening of East 178th street. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ELLIS, Respondent, v. BURT OLNEY CANNING CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 8, 1908.) Action by Emma J. Ellis against the Burt Olney Canning Company.

PER CURIAM. Judgment and order unanimously affirmed, with costs.

SEWELL, J., not sitting.

ELLIS, Respondent, v. TRADERS' & TRAVELERS' ACCIDENT CO. OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by John W. Ellis against the Traders' & Travelers' Accident Company of New York and others. A. Crook, for appellants. L. H. Porter, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ELY, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. February 7, 1908.) Action by Ambrose K. Ely against the city of New York. T. Connoly, for appellant. M. J. Mulqueen, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

EPSTEIN et al. v. LAZARUS. (Supreme Court, Appellate Division. First Department. February 14, 1908.) Action by Harris Epstein and another against Morris Lazarus. No opinion. Motion denied, on condition that appellant have appeal ready for April term. Order filed.

ERICHS, Appellant, v. KENNEDY, Respondent. (Supreme Court, Appellate Division, Second Department. January 24, 1908.) Action by Josephine Erichs against Sarah Kennedy. No opinion. Judgment of the Municipal Court affirmed, with costs.

ERLER, Respondent, v. PAWLIGER, Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1908.) Action by Otto Erler against Max Pawliger. A. Rosenthal, for appellant. J. M. Proskauer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

EVANS, Respondent, v. BURLEW, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 22, 1908.) Action by Arthur W. Evans against Henry L. Burlew. No opinion. Judgment and order affirmed, with costs.

FAIRBANKS, MORSE & CO., Respondent, v. WILLIAM HORNE CO., Appellant, et. al. (Supreme Court, Appellate Division, First Department. December 27, 1907.) Action by Fairbanks, Morse & Co. against the William Horne Company, impleaded. G. Freifeld, for appellant. A. H. Gleason, for respondent. No opinion. Judgment affirmed, with costs. Order filed.